CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 24 2007

JOHN F. CORCORAN, CLERK
BY: HMcDnaed
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES DANIEL BRISCOE, ) | |
| ) | Civil Action No. 7:06cv00752 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| DR. MOSES, et al., ) | By: Hon. Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendants. ) | |

Plaintiff James Daniel Briscoe ("Briscoe"), a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the Defendants[1] refused to dispense certain necessary medications to him because of his inability to pay for the medication.[2] Briscoe seeks an unspecified amount of monetary damages from the New River Valley Jail ("NRVJ"). Dr. Moses filed a Motion to Dismiss claiming that he has fulfilled all of the constitutional duties owed to Briscoe. As Dr. Moses attached copies of Briscoe's medical records from the jail and relies on these documents in his motion, I must construe and address the motion as one seeking summary judgment. Fed. R. Civ. P. 12(b). Donnie Simpkins, Ford Wirt, and Beth Hubbard have also filed a Motion to Dismiss claiming that, because the claims against Dr. Moses lack merit, they are also not liable. Briscoe has filed a timely response, making the matter ripe for

---

[1] On February 15, 2007, Briscoe filed a Motion to Amend to add several new defendants in addition to Dr. Moses. Briscoe adds Beth Hubbard, NRVJ "Mental Health Service Case Worker," claiming that she improperly reduced his prescriptions for depression because she "didn't feel [his] original prescriptions were necessary." (Pl.'s Mot. Amend 2). Briscoe's claim against Ms. Hubbard fails on the merits as it amounts to nothing more than a disagreement over treatment Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Furthermore, the issue seems to be moot as Briscoe admits that his medications for depression have recently been restored to their original level. Accordingly, this claim will be dismissed for failure to state a claim upon which relief can be granted. Briscoe also adds Donnie Simpkins, NRVJ Superintendent, and Ford Wirt, "New River Valley Regional Jail Authority Member." (Pl.'s Mot. Amend 2). Briscoe claims that they are responsible for his "inability to receive adequate medical care" as they instructed Dr. Moses to "refuse to properly treat inmates based on their ability to pay." (Pl.'s Mot. Amend 2).

[2] Briscoe's second claim, that he is being denied the opportunity to participate in a work-release program, was dismissed pursuant to a February 8, 2007 Order.

disposition. Upon review of the record, I will grant the Motion to Dismiss as to the Beth Hubbard, but will deny the other Defendants' Motions to Dismiss and require them to file Motions for Summary Judgment, supported by affidavits.³

## I.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

## II.

Briscoe alleges that his "rights to medical treatment . . . have been violated by Dr. Moses," treating physician at the NRVJ, because several of his prescription medications have not been replaced. (Pl.'s Statement Facts 1). Briscoe claims that he requires "Naproxen, Tramodol, Flexarill," and "Cyclobenzaprine," to help alleviate "chronic pain," and "muscle spasms due to . . . osteoarthritis of the spine and neck," and also "Doxazosin Mesylate," for prostate problems. (Pl.'s Statement Facts 1; Pl.'s Resp. Mot. Dismiss 1). Briscoe alleges that Dr. Moses agreed to prescribe these medications and also Motrin, but informed Briscoe that the jail would not pay for them. Briscoe claims that the Motrin has little effect on his pain and that he suffered from urinary tract problems due to an enlarged prostate for several months. He believes that his "rights to proper

---

³ The parties are hereby advised that pursuant to Rule 83(b) of the Federal Rules of Civil Procedure and the Standing Order of the Court issued May 3, 1996, the court may order defendants in a prisoner civil rights action to file a motion for summary judgment supported by affidavits.

2

medical care have been willfully violated by Dr. Moses because of [his] inability to pay for [his] care." (Pl.'s Statement Facts 2). Briscoe further alleges that Donnie Simpkins and Ford Wirt instructed Dr. Moses as to this course of action.[4]

## III.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment[5], a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978). To bring a constitutional claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a

---

[4] According to Briscoe's Response in Opposition to the Motion to Dismiss, it appears that he is now receiving some of the medication at issue but he does not allege what medication he is receiving and whether he is required to pay for the medication before he receives the medication.

[5] It is unclear from the pleadings whether Briscoe is a pretrial detainee or a convicted prisoner. If Briscoe is a pretrial detainee and not a convicted prisoner, his claim is governed by the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment, which operates only after the state has secured a conviction. See Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001). Regardless, Eighth Amendment holdings respecting punishment of convicted inmates are, to some extent, applicable to define the protections afforded by the Fourteenth Amendment to pretrial detainees. See Whisenant v. Yuam, 739 F.2d 160, 163 n. 4 (4th Cir. 1984); Westmoreland v. Brown, 883 F. Supp. 67, 73 (E.D. Va. 1995); see also Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (holding that the due process rights of pretrial detainees are coextensive with the Eighth Amendment rights of convicted prisoners regarding medical treatment while incarcerated); Loe v. Armistead, 582 F.2d 1291 (4 Cir. 1978) (holding that the "deliberate indifference" standard is applicable to pretrial detainees under the Fourteenth Amendment). Accordingly, I will consider relevant Eight Amendment decisions in the context of Briscoe's claims.

denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Furthermore, while there is not a constitutional right to free medical treatment while imprisoned, an inmate must be *provided* with the medical care. The allocation of the cost of the medical care is a matter of state law and, if the governmental entity can obtain the medical care needed for a detainee only by paying for it, then it must pay. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983). In short, the injured detainee's constitutional right is to receive the needed medical treatment; how the city or state obtains such treatment is not a federal constitutional question. Id.

Applying these principles, and taking Briscoe's allegations in the light most favorable to him, I conclude that they are sufficient to state possible claims under § 1983 that Defendants knew of, and did not provide necessary treatment for, Briscoe's potentially serious medical problems. The Defendants' Motions to Dismiss are not well–taken. The medical records are difficult to interpret, at best, and there is no indication in any of the motions that Briscoe's medical issues are not

4

sufficiently serious and do not require the medication that he requests. Thus, the motions do not establish that Briscoe has no issue on which a reasonable fact finder could return a verdict in his favor. Defendants may well be able to prove on summary judgment that the jail staff provided a sufficient course of treatment for all Briscoe's medical conditions and that Briscoe simply disagreed with this treatment, instead seeking to return to the course of treatment previously prescribed for him by other doctors. I cannot make this finding from the existing record, however. Therefore, I will allow the claims against the three listed Defendants to go forward at this time. Accordingly, I will deny Dr. Moses', Donnie Simpkins', and Ford Wirt's Motions to Dismiss and direct them to file supplemental Motions for Summary Judgment supported by affidavit evidence, pursuant to the Standing Order of the Court issued May 3, 1996, and Rule 83(b) of the Federal Rules of Civil Procedure.

The Clerk of the Court is directed to send a copy of Memorandum Opinion and Order to Plaintiff and to counsel of record for Defendants.

ENTER: This 24th day of August, 2007.

Jackson L. Kiser
Senior United States District Judge